IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN DERCHI RUSSO, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br>     v.<br><br>FINISAR CORPORATION, et al.<br><br>          Defendants. | CASE NO. 5:CV 11-01252-EJD<br><br>**ORDER GRANTING (1) MOTIONS FOR CONSOLIDATION OF ALL RELATED ACTIONS; AND (2) THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>[Re: Docket Item Nos. 18, 21, 26, 28] |

**I. INTRODUCTION**

In this securities class action lawsuit, Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"); Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Philadelphia Teamsters"), City of Pontiac General Employees Retirement System ("Pontiac"), and James Ray Abell (collectively, the "Abell Group"); Andrew Lee; Daniel Levy; and Hetal Patel (collectively, "Movants") each seek (1) consolidation of all related actions, (2) appointment as lead plaintiff, and (3) approval of selection of lead counsel. Having reviewed the parties' submissions, the Court finds this matter appropriate for decision without oral argument. Civ. L. R. 7-1(b). For the reasons described below, the court GRANTS Movants' uncontested motions for consolidation of all related actions, and grants the motion of Oklahoma Firefighters for appointment as lead plaintiff

and approval of its selection of lead counsel.[1]

## II. BACKGROUND

Movants seek to consolidate two pending class action lawsuits, brought on behalf of persons who purchased or otherwise acquired publicly-traded securities of Defendant Finisar Corporation between December 1, 2010 and March 8, 2011. The cases implicated in Movants motions are as follows:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| Derchi-Russo v. Finisar Corp., et al. | 5:11-CV-01252-EJD | March 15, 2011 |
| Wade v. Finisar Corp., et al. | 5:11-CV-01635-EJD | April 4, 2011 |

These related actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act and Securities and Exchange Commission Rule 10b-5, promulgated thereunder. Plaintiffs in these actions charge Finisar Corporation and certain of its officers and directors (collectively, "Defendants" or "Finisar") with violations of the Securities Exchange Act of 1934.

Finisar is a provider of optical subsystems and components that connect short-distance local area networks, storage area networks, longer distance metropolitan area networks, fiber-to-the-home networks, cable television networks and wide area networks. See Complaint, Docket Item No. 1, ¶ 2. The Complaint[2] alleges that during the Class Period, Defendants issued materially false and misleading statements regarding Finisar's business and financial results. Id., ¶ 3. Plaintiffs allege that, as a result of Defendants' false statements, Finisar's stock traded at artificially inflated prices during the Class Period, reaching a high of $43.23 per share on February 14, 2011. Id., ¶ 7. On March 8, 2011, after the market closed, Finisar issued a press release announcing its third quarter fiscal year 2011 results. Id., ¶ 29. Finisar reported earnings of $18.8 million, or $0.22 diluted earnings per share, and revenue of $263.0 million. Id. Finisar further reported its fourth-quarter

---

[1] This disposition is not designated for publication in the official reports.

[2] The complaint referenced herein refers to the first-filed lawsuit against Defendants, Derchi-Russo v. Finisar Corp., et al., filed on March 15, 2011. The related case raises identical claims for the same groups of investors.

2011 revenues would be in the range of $235 to $250 million, lower than analysts' estimates. Id. On this news, Finisar's stock fell $15.43 per share to close at $24.61 per share on March 9, 2011, a one-day decline of nearly 39%. Complaint, ¶ 30.

According to the Complaint, the true facts, which were known by the Defendants but concealed from the investing public during the Class Period, were as follows: (a) Finisar's recent revenue surge was not due solely to organic growth from real end-market demand, but rather it was partially due to an inventory build by Finisar's customers; (b) Finisar was experiencing increasing pricing pressures due to intense competition in the industry and, as a result, it was forced to concede to steep discounts in order to retain certain of its customers; (c) Finisar was experiencing a serious slowdown in business from China, which would have a detrimental effect on Finisar's ability to continue growing at unprecedented rates; and (d) Finisar failed to disclose known trends and uncertainties as required by SEC regulations concerning its revenue growth rate. Complaint, ¶ 31.

On March 15, 2011, shareholder Martin Derchi-Russo published notice of the pendency of the action to investors, which provided a deadline to seek lead plaintiff status by May 16, 2011. See Decl. of Ian D. Berg in Supp. of Oklahoma Firefighters' Mot. to Consolidate, Appoint. Lead Pl. and Counsel ("Berg Decl.", Docket Item No. 22, Ex. A.)

On May 16, 2011, each Movant filed, on their own behalf, a motion to consolidate the related actions, appoint a lead plaintiff in this action, and approve selection of lead counsel for the Class. See Docket Item Nos. 18, 21, 24, 26, and 28. On June 20, 2011, Hetal Patel withdrew his application for appointment as lead plaintiff. Docket Item No. 38. On September 28, 2011, Daniel Levy conceded that he did not suffer the largest financial loss of all of the Movants. Docket Item No. 39. On September 30, 2011, the Abell Group conceded that Oklahoma Firefighters is presumptively the most adequate plaintiff. Docket Item No. 41. That same day, Defendants filed a response to Movants' motions, agreeing that the cases should be consolidated, but taking no position on the selection of lead plaintiff or lead counsel. Docket Item No. 40.

Presently before the court are Movants' unopposed motions to consolidate all related actions, and the competing motions of Oklahoma Firefighters, the Abell Group, Andrew Lee and Daniel

Levy for appointment as lead plaintiff/lead counsel.

## III. DISCUSSION

Pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), the court must decide whether to consolidate the related actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. See 15 U.S.C. §78u-4(a)(3)(B)(ii). Once the actions are consolidated, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions" as soon as practicable. Id.

A. Consolidation

Each Movant has filed a motion for consolidation of the related actions, and such motions are uncontested. Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). The court agrees that these actions present virtually identical factual and legal issues and therefore should be consolidated. Accordingly, the court GRANTS the motion to consolidate.

B. Lead plaintiff

Section 21D of the PSLRA provides procedures for selecting lead plaintiffs in a securities class action. All proposed lead plaintiffs must submit a sworn statement setting forth certain facts designed to assure the court that the plaintiff (i) has suffered more than a nominal loss, (ii) is not a professional litigant, and (iii) is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u–4(a)(2)(A). The plaintiff in the first lawsuit to be filed must additionally publish notice of the complaint in a widely circulated business publication within twenty days of filing the complaint. 15 U.S.C. § 78u–4(a)(3)(A)(i). The notice must include a description of the claim and notify prospective class members that they may move within 60 days of the notice to be named lead

4
CASE NO. 5:CV 11-01252-EJD
ORDER GRANTING (1) MOTIONS FOR CONSOLIDATION OF ALL RELATED ACTIONS; AND (2) THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i)(I)-(II).  Once applications for lead plaintiff status are closed, the district court must determine who among the movants for lead plaintiff status is the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B) (i).  The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u–4(a)(3)(B) (i).

In the Ninth Circuit, In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002), governs lead plaintiff selection and establishes a three-step process.  First, as discussed above, timely and complete notice of the action must be published. Id. at 729.  Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B) (iii)(I)).  The court must thus determine which plaintiff "has the most to gain from the lawsuit." Cavanaugh, 306 F.3d at 730.  Finally, the court focuses on that plaintiff to ensure that the proposed lead plaintiff "satisfies the requirements of [Fed. R. Civ. Pro.] 23(a), in particular those of 'typicality' and 'adequacy.'" Id.  A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff." Id.  In step three, other plaintiffs have the opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. Id. at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Here, each Movant filed timely motions for appointment as lead plaintiff.  Mr. Patel later withdrew his application for appointment as lead plaintiff. Docket Item No. 38.  The Abell Group and Mr. Levy acknowledged that they do not have the largest financial interest in the relief sought by the class, and thus are not the "most adequate plaintiff." See Docket Item Nos. 41 and 39.  It is not clear whether Mr. Lee intends to pursue his motion, because he did not file a reply to the Oklahoma Firefighters' motion.  In any event, the Court finds that the Oklahoma Firefighters is more appropriately appointed as lead plaintiff.

5
CASE NO. 5:CV 11-01252-EJD
ORDER GRANTING (1) MOTIONS FOR CONSOLIDATION OF ALL RELATED ACTIONS; AND (2) THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

The Oklahoma Firefighters have suffered losses in the amount of $479,692.41,[3] while Andrew Lee suffered losses of approximately $130,821.53.[4] Moreover, the Oklahoma Firefighters have made an adequate preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23(a): like all plaintiffs in this action, they claim that they purchased Finisar securities during the class period based upon Defendants' false and misleading statements (typicality) and there appears to be no reason that their interests would conflict with those of the class (adequacy). As the Oklahoma Firefighters filed proper notice of the action, have the largest financial interest in the relief sought, and have made the required showing under Rule 23(a), they are the "presumptively most adequate plaintiff." Movant Andrew Lee raises no issues that overcome this presumption. Accordingly, the Court GRANTS the Oklahoma Firefighters' motion for appointment as lead plaintiff.

C.  Lead counsel

Once the court has designated a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3) (B)(v). A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." Id. at § 78u–4(a)(3)(B)(iii)(II)(aa). In the Ninth Circuit, Cavanaugh establishes the standard for approval of lead counsel. "[T]he district court does not select class counsel at all," and typically approves the lead plaintiff's selection of counsel. Id. at 732–34. Here, the Oklahoma Firefighters have selected the law firm of Abraham, Fruchter & Twersky to represent them. The Court approves their selection and GRANTS the Oklahoma Firefighters' motion for appointment of lead counsel.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown on the current record, the court hereby GRANTS the Oklahoma Firefighters' motion for appointment as lead plaintiff and appointment of

---

[3] See Berg Decl., Ex. C.

[4] See Decl. of Ramzi Abadou In Supp. of Andrew Lee's Mot. to Consolidate, Appoint. Lead Pl. and Counsel, Docket Item No. 27, Ex. C.

Abraham, Fruchter & Twersky as lead counsel (Docket Item No. 21) and DENIES Andrew Lee's motion for appointment as lead plaintiff and appointment of lead counsel. Docket Item No. 26. The motions of Daniel Levy and the Abell Group, for appointment as lead plaintiff, are DENIED as moot. Docket Item Nos. 28, and 18. The motions for consolidation, filed by Daniel Levy, Oklahoma Firefighters, Hetal Patel, Andrew Lee, and the Abell Group, are GRANTED. Docket Item Nos. 18, 21, 24, 26, and 28. These cases shall be consolidated under the lower case number, 5:11-CV-01252-EJD, and case number 5:11-CV-01635-EJD shall be administratively closed.

IT IS HEREBY ORDERED that Defendants and the appointed lead counsel shall meet and confer in order to agree on a schedule for the next stage of the case, including the timing for the consolidated complaint and motion to dismiss.

IT IS FURTHER ORDERED that a Case Management Conference will be held in this matter before the Honorable Edward J. Davila on **December 9, 2011 at 10:00 a.m.** in Courtroom No. 1, 5th Floor, 280 S. First Street, San Jose, California. On or before **December 2, 2011** the parties shall file a joint case management conference statement.

**IT IS SO ORDERED.**

Dated: October 27, 2011

EDWARD J. DAVILA
United States District Judge