UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: FINISAR CORPORATION SECURITIES LITIGATION, _____ OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Plaintiff - Appellant, v. FINISAR CORPORATION; JERRY S. RAWLS; EITAN GERTEL; KURT ADZEMA, Defendants - Appellees. | No. 13-17199 D.C. No. 5:11-cv-01252-EJD Northern District of California, San Jose ORDER |

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

The memorandum disposition filed on January 8, 2016 (Doc. 28) is replaced with the accompanying amended memorandum disposition.

With these amendments, the panel has voted to deny the petition for panel rehearing.

The petition for panel rehearing is DENIED. No further petitions shall be permitted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: FINISAR CORPORATION SECURITIES LITIGATION, | No. 13-17199 |
| | D.C. No. 5:11-cv-01252-EJD |
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, | AMENDED MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |
| FINISAR CORPORATION; JERRY S. RAWLS; EITAN GERTEL; KURT ADZEMA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted December 10, 2015
San Francisco, California

Before: GRABER, WARDLAW, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Oklahoma Firefighters Pension & Retirement System ("plaintiff") appeals the district court's dismissal of its putative class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 against Finisar Corporation ("Finisar"), Eitan Gertel, Jerry S. Rawls, and Kurt Adzema ("defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's order de novo. *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1057 (9th Cir. 2014). For the following reasons, we reverse and remand for further proceedings.

Plaintiff alleged that, between September 8, 2010, and March 8, 2011, defendants made statements denying that they knew that Finisar's customers were building inventory beyond actual production demand. The First Amended Complaint alleged that these denials were materially false and misleading because, during annual contract negotiations between defendants and Finisar's customers, customers would have discussed inventory levels and defendants would have learned that customers were stockpiling inventory. The district court granted defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to adequately plead falsity.

We conclude, however, that plaintiff adequately pleaded falsity even under the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and

2

the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1). "To plead falsity, the complaint must 'specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading.'" *Reese v. Malone*, 747 F.3d 557, 568 (9th Cir. 2014) (alteration in original) (quoting 15 U.S.C. § 78u-4(b)(1)(B)). The First Amended Complaint identifies a specific statement in which Finisar's CEO denied having knowledge of an inventory build-up and down-played concerns of a looming inventory bubble.[1] And it identifies why that statement was misleading by alleging that inventory levels would have been disclosed to defendants during the annual contract negotiations. As a result, the district court erred in dismissing the First Amended Complaint for failure to plead falsity.

We remand for the district court to consider in the first instance whether the complaint states a claim under the remaining elements of a private federal securities fraud action. *See Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552

---

[1] The September 8, 2010 report indicating that defendants and two other companies "have been adamant that inventory levels have not increased materially" is not actionable because the statement was made before defendants could have learned of the inventory increase through the contract negotiations. Moreover, Rawls's January 11, 2011 and February 10, 2011 statements about the strength of demand are not actionable, as they amount to corporate puffery. *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014) (recognizing as puffery statements that are not capable of objective verification and would not induce the reliance of a reasonable investor).

3

U.S. 148, 157 (2008) (listing elements). On remand, the district court should allow leave to amend as to scienter in light of our recent discussion of deliberate recklessness in *Reese*, 747 F.3d 557.[2]

**REVERSED and REMANDED.**

Each party shall bear its own costs on appeal.

---

[2]*Reese* recognized that a plaintiff adequately pleads scienter if all the facts alleged, taken collectively, give rise to the strong inference that "the defendant made false or misleading statements either intentionally or with deliberate recklessness." 747 F.3d at 569 (alterations and emphases omitted) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009)). "An actor is deliberately reckless if he had reasonable grounds to believe material facts existed that were misstated or omitted, but nonetheless failed to obtain and disclose such facts although he could have done so without extraordinary effort." *Id.* (alterations omitted) (quoting *Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 390 (9th Cir. 2010)). However, while "[f]acts showing mere recklessness or a motive to commit fraud and opportunity to do so provide some reasonable inference of intent, [they] are not independently sufficient." *Id.*