1

2

3

4

5

6

7

8

9       UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12  In re FINISAR CORPORATION
    SECURITIES LITIGATION

13

14

15

16

17

18

19

Case No.  5:11-CV-01252-EJD

<u>CLASS ACTION</u>

**[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

Hon. Edward J. Davila

20

21

22

23

24

25

26

27

28

1   WHEREAS, Lead Plaintiff Oklahoma Firefighters Pension and Retirement System

2   ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), and defendants

3   Finisar Corporation ("Finisar"), Jerry S. Rawls, and Eitan Gertel (collectively, the "Defendants,"

4   and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of

5   Settlement dated July 8, 2020 (the "Stipulation"), that provides for a complete settlement and

6   dismissal with prejudice of the Released Claims on the terms and conditions set forth in the

7   Stipulation, subject to the approval of this Court (the "Settlement");

8   WHEREAS, unless otherwise defined herein, the capitalized terms herein shall have the

9   same meaning as they have in the Stipulation;

10   WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal

11   Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

12   the Stipulation, certifying the Settlement Class for purposes of Settlement only, and allowing

13   notice to Settlement Class Members as more fully described herein;

14   WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for

15   preliminary approval of the Settlement, and the papers filed, and arguments made in connection

16   therewith; and (b) the Stipulation and exhibits attached thereto; and

17   WHEREAS, the Parties to the Stipulation have consented to entry of this order;

18   NOW THEREFORE, IT IS HEREBY ORDERED:

19   1.   **Vacating Judgment Against Lead Plaintiff** – Solely for purposes of effectuating

20   the proposed Settlement, the Court vacates the Judgment against Lead Plaintiff solely, entered

21   June 14, 2019 (ECF #190), but not the Order Striking Plaintiff's Motion for Class Certification;

22   Granting Defendants' Motion For Judgment On The Pleadings dated May 24, 2019 (ECF #187)

23   nor the Order Denying Motion for Class Certification dated December 5, 2017 (ECF#150). The

24   vacated Judgment shall be reinstated *nunc pro tunc* in the event that the Parties' settlement is

25   terminated or otherwise does not become Effective under the Stipulation.

26   2.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3)

27   of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating

28   the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased

or acquired the publicly traded common stock of Finisar during the period from December 2, 2010 through March 8, 2011, inclusive (the "Class Period"), and who were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an officer or director of Finisar during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of Finisar; (v) any entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.     Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Oklahoma Firefighters Pension and Retirement System is an adequate class representative and certifies Lead Plaintiff as Class Representative for the Settlement Class.  The Court also appoints Lead Counsel Abraham, Fruchter & Twersky, LLP, as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate

1   to the Settlement Class, subject to further consideration at the Settlement Hearing to be

2   conducted as described below.

3         6.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement

4   Hearing") on _February 11 , 2021_ , ~~2020~~ at _9_ : _00_ a.m., before the Honorable Edward J. Davila of

5   the United States District Court for the Northern District of California, in Courtroom 4, 5th

6   Floor, 280 South 1st Street, San Jose, CA 95113, for the following purposes: (a) to determine

7   whether the proposed Settlement on the terms and conditions provided for in the Stipulation is

8   fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b)

9   to determine whether a Judgment substantially in the form attached as Exhibit B to the

10  Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to

11  determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and

12  reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an

13  award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e)

14  to consider any other matters that may properly be brought before the Court in connection with

15  the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement

16  Class Members as set forth in paragraph 7 of this Order.

17        7.    The Court may adjourn the Settlement Hearing without further notice to the

18  Settlement Class, and may approve the proposed Settlement with such modifications as the

19  Parties may agree to, if appropriate, without further notice to the Settlement Class.

20        8.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead

21  Counsel is hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise

22  and administer the notice procedure in connection with the proposed Settlement as well as the

23  processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement

24  Hearing shall be given by Lead Counsel as follows:

25        (a)    within five (5) business days of the date of entry of this Order, Defendants shall

26  provide or cause to be provided to the Claims Administrator in electronic format (at no cost to

27  the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names a

28

addresses) of record holders who purchased Finisar common stock during the Class Period to the extent that such information is available;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as <u>Exhibits 1 and 2</u>, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Defendants or in the records that Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as <u>Exhibits 1, 2, and 3</u>, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of

Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Finisar common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. **Settlement Administration Fees and Expenses** – As provided in the Stipulation, before the Effective Date, Lead Counsel may pay the Claims Administrator all Notice and Administration Costs, including the reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement in an amount up to $185,000 out of the Settlement Fund without further approval from the Court.

12.   **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.   By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13.   Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14.   Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the

Settlement Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 12 above.

15. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than thirty-five (35) calendar days prior to the Settlement Hearing, to:   Finisar Securities Litigation, EXCLUSIONS, c/o [CLAIMS ADMININSTRATOR], and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in In re Finisar Corporation Securities Litigation, Case No. 5:11-CV-01252-EJD"; (iii) state (A) the number of shares of Finisar common stock that the person or entity requesting exclusion owned as of the opening of trading on December 2, 2010, and (B) the number of shares of Finisar common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.,* from December 2, 2010 through March 8, 2011, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

16. Any person or entity who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

17.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Notice.

18.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a

written objection with the Court.  Any written objection, together with copies of all other papers and briefs supporting the objection,

(a)     must be mailed or filed by hand such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing with the Clerk of the Court, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113; and

(b)     mailed to Lead Counsel, Ian D. Berg and Takeo A. Kellar, Abraham, Fruchter & Twersky, LLP, 11622 El Camino Real, Suite 100, San Diego, CA 92130; and Defendants' Counsel, Shirli Fabbri Weiss and David Priebe, DLA Piper LLP (US), 2000 University Avenue, East Palo Alto, CA 94303.

20.     Any objections, filings, and other submissions by the objecting Settlement Class Member must clearly identify the case name and action number, *In re Finisar Corporation Securities Litigation*, Case No. 5:11-CV-01252-EJD, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Finisar common stock that the objector (i) owned as of the opening of trading on December 2, 2010, and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from December 2, 2010 through March 8, 2011, inclusive), as well as the dates, number of shares, and prices for each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written

objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff, and all other members of the Settlement Class, from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

23.     **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel or their representatives are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of July 8, 2020, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against Plaintiff or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiff or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to

for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, regulatory, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.


DATED:   October 1, 2020

Honorable Edward J. Davila
United States District Judge

# EXHIBIT 1

**Exhibit A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **In re FINISAR CORPORATION SECURITIES LITIGATION** | Case No. 5:11-CV-01252-EJD <u>CLASS ACTION</u> |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

<u>*A Federal Court authorized this Notice. This is not a solicitation from a lawyer*</u>.

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities fraud class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or otherwise acquired the publicly traded common stock of Finisar Corporation (NASDAQ:FNSR) during the period from December 2, 2010 through March 8, 2011, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").[1]

**Notice of Settlement:** Please also be advised that the Court-appointed Lead Plaintiff, Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff"), on behalf of itself and the Settlement Class, have reached a proposed settlement of the Action for $6,800,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- Lead Plaintiff claims that Defendants made materially false and misleading statements and omissions concerning Finisar's business operations and financial prospects. Lead Plaintiff and Lead Counsel have been investigating and litigating this Action since its filing in March 2011. The Settlement provides the Settlement Class with a cash benefit now, in lieu of engaging in years of further litigation – including a pending appeal, further contested motions, and a contested trial – with the risk of no recovery at all. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

- Your recovery will depend on the number of shares of Finisar stock purchased during the Class Period, and the timing of your purchases and any sales. It will also depend on the number of valid Claim Forms that Settlement Class Members submit and the amount of such claims. Based on the

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of _____, 2020 (the "Stipulation"), which can be viewed at www._____.com.

information currently available, it is estimated that if Settlement Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution will be approximately $___ per share before deduction of Court-approved fees and expenses, including the cost of notifying Settlement Class Members and settlement administration, taxes, and any attorneys' fees and expenses awarded by the Court to Lead Counsel.  Historically, actual claims rates are less than 100%, which may result in higher distributions per share. A Settlement Class Member's actual recovery will be a *pro rata* share of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Settlement Class Members who submit valid Claim Forms. The Parties do not agree on the average amount of damages per share of Finisar common stock that would be recoverable if the Class Representative were to prevail in the action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any members of the Class suffered damages as a result of their conduct.

- The Court-appointed Lead Counsel have not yet received any payment for their work incurred in investigating the facts, conducting this litigation and negotiating the Settlement on behalf of the Plaintiff and the Settlement Class.  Lead Counsel intends to apply for an award of attorneys' fees not to exceed 25% of the total settlement funds, and reimbursement of additional expenses in the amount up to $425,000.  The request for expenses may include a request for reimbursement of the costs and expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4) and award for representing the Settlement Class.  If the above amount is requested and approved by the Court, the estimated average cost per eligible share of common stock will be approximately $___ per share, if claims are submitted for 100% of the eligible shares of Finisar stock.  In addition, the distribution will be reduced by Notice and Administration costs.  Please note that these amounts are only estimates.

- The Court presiding over this case must decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and the time for any appeals has lapsed, or, if there are any appeals, after the appeals are resolved.  Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| Submit a Claim Form POSTMARKED NO LATER THAN _____, 2020 | This is the only way to be eligible to receive a payment from the Settlement. |
| Exclude Yourself from the Class by submitting a written request for exclusion so that it is received NO LATER THAN _____, 2020 | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the class claims being released in this case. |
| Object by submitting a written objection so that it is received NO LATER THAN_____, 2020 | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like it/them. |
| Go to a Hearing ON _____, 2020 and file a notice of intention to appear so that it is received no later than _____ | You may ask to speak in Court about the Settlement. |
| Do Nothing | Get no payment. Give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................PAGE _
    1. Why did I get this notice package?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. What are Plaintiff's reasons for settlement?

WHO IS IN THE SETTLEMENT.......................................................................PAGE _
    5. How do I know if I am part of the Settlement?
    6. Are there exceptions to being included?
    7. I'm still not sure if I am included.

THE SETTLEMENT BENEFITS—WHAT YOU GET.........................................PAGE _
    8. What does the Settlement provide?
    9. How much will my payment be?  Understanding your payment.

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM .....................PAGE _
    10. How can I get a payment?
    11. When would I get my payment?
    12. What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT.......................................PAGE _
    13. How do I get out of the Settlement?
    14. If I don't exclude myself, can I sue Defendants for the same thing later?
    15. If I exclude myself, can I get money from this Settlement?

THE LAWYERS REPRESENTING YOU..............................................................PAGE _
    16. Do I have a lawyer in the case?
    17. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT.................................................................PAGE _
    18. How do I tell the Court that I don't like the Settlement?
    19. What's the difference between objecting and excluding?

THE COURT'S SETTLEMENT HEARING.........................................................PAGE _
    20. When and where will the Court decide whether to approve the Settlement?
    21. Do I have to come to the hearing?
    22. May I speak at the hearing?

IF YOU DO NOTHING....................................................................................PAGE _
    23. What happens if I do nothing at all?

GETTING MORE INFORMATION....................................................................PAGE _
    24. Are there more details about the Settlement?
    25. How do I get more information?

# BASIC INFORMATION

## 1. Why did I get this notice package?

The Court authorized this to be sent to you because you, or someone in your family or on your behalf, may have purchased or acquired Finisar stock from December 2, 2010 through March 8, 2011, inclusive.

This Notice was sent because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Northern District of California, and the case is known as *In re Finisar Corporation Securities Litigation*, Case No. 5:11-CV-01252-EJD.  The Action is assigned to the Honorable Edward J. Davila, United States District Judge.  The entity that leads the Action is Oklahoma Firefighters Pension and Retirement System, the Court-appointed "Lead Plaintiff," and the companies and individuals it sued are called Defendants.

## 2. What is this lawsuit about?

This is a securities fraud class action alleging violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, against Defendants for making allegedly false and misleading statements or omissions of material facts regarding Finisar's business operations and financial prospects. Lead Plaintiff asserts that as a result of Defendants' allegedly false and misleading statements Finisar's stock was artificially and improperly inflated, and that Settlement Class Members overpaid for Finisar stock purchased during the Class Period.  Defendants have denied and continue to deny all of the allegations and that they did anything wrong.

## 3. Why is this a class action?

Class actions are generally used in lawsuits that affect a large number of individuals; in effect, the class action operates to consolidate into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct, thus alleviating the need for Members of the Class to file their own individual lawsuits to recover for the harm alleged.    Judge Edward J. Davila is the judge for this class action.

## 4. What are Plaintiff's reasons for settlement?

Lead Plaintiff and Lead Counsel have been diligently investigating and litigating this action against Defendants since it was filed in March 2011 and believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through a pending appeal and then trial, as well as the substantial risks they would face in establishing liability and damages.  In prosecuting this Action, Lead Plaintiff and Lead Counsel have gained a thorough understanding of the risks and merits of continued litigation,

through, for example, investigating and filing three amended complaints, opposing three motions to dismiss filed by Defendants, successfully briefing and arguing to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") for reversing the Court's dismissal of the first amended complaint, and following the Ninth Circuit's ruling and returning the case to the Court, serving discovery and reviewing documents produced by Defendants and conducting depositions, and litigating class certification issues.

In particular, Lead Plaintiff and Defendants disagree as to whether Plaintiff and the Class can rely on the fraud-on-the-market presumption of reliance on Defendants' allegedly false and misleading statements. On May 24, 2019, the Court, siding with Defendants, ruled that the fraud-on-the-market presumption had been rebutted and dismissed the Action and then entered judgment on the pleadings against Lead Plaintiff.  Lead Plaintiff again filed an appeal to the Ninth Circuit. Under the order and purview of the Ninth Circuit Mediation Program, Lead Plaintiff and Defendants held private mediation discussions with Mediator Michelle Yoshida of Phillips ADR, which facilitated additional exchanges of information and arms'-length negotiations as to the strengths, weaknesses, and risks of obtaining a successful appeal and further litigation of this Action faced by both Lead Plaintiff and Defendants, and the Parties reached an agreement to settle the Action.

In light of these risks, the uncertainty and the amount of the recovery for the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims in the Action against the Defendants might produce a smaller recovery or no recovery at all.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever and deny that any class member is entitled to damages.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission by the Defendants of any wrongdoing, liability, loss causation or measure of damages.

# WHO IS IN THE SETTLEMENT

## 5. How do I know if I am part of the Settlement?

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.  Except for certain exclusions listed below, the Settlement Class includes all persons and entities who purchased or otherwise acquired the common stock of Finisar from December 2, 2010 through March 8, 2011, inclusive (the "Class Period"), and who were allegedly damaged thereby.

## 6. Are there exceptions to being included?

Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an officer or director of Finisar during the Class Period; (iii) the Immediate Family Members of all individual persons excluded in (i) or (ii); (iv) the parents, subsidiaries, and affiliates of Finisar; (v) any  entity in which any person or entity excluded in (i), (ii), (iii) or (iv) has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, heirs, affiliates, successors, or assigns of any such excluded person or entity.

Also excluded from the Settlement Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

## 7. I'm still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help.  For more information, you can contact the Claims Administrator, _____, by email to _____, or telephone at _____, or visit the web site at _____.  Filling out the claim form described in question 10 also will tell you whether you qualify.

# THE SETTLEMENT BENEFITS — WHAT YOU GET

## 8. What does the Settlement provide?

The Settlement will result in a fund of $6,800,000 in cash (the "Settlement Fund").  The Settlement Fund, less costs, fees, taxes, and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Settlement Class Members, including the costs of printing and mailing this Notice and Claim Form; the cost of publishing notice; the costs of claims administration; and taxes on the Settlement Fund. Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Settlement proceeds, but will otherwise be bound by the terms of the Settlement.

## 9. How much will my payment be?  Understanding your payment.

Your share of the Net Settlement Fund, if any, will depend on the number of valid claim forms that Class Members send in and the number of shares of Finisar common stock you purchased during the relevant period and when you bought and sold them.  The Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Proofs of Claim that show a Recognized Loss and are approved by the Court.

### PLAN OF ALLOCATION

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (December 2, 2010 through March 8, 2011). To design this Plan, Lead Counsel has conferred with their economics consultants. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiff believe were recoverable in the Action. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. An individual Settlement Class Member's recovery will depend on, for example (i) the total number and value of claims submitted; (ii) when the Settlement Class Member purchased or acquired Finisar publicly traded common stock; and (iii) whether and when the Settlement Class Member sold his, her, or its shares of Finisar stock.

This Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Finisar common stock. In this case, Class Representatives allege that Defendants issued false statements and omitted material facts from December 2, 2010 through the close of the market on March 8, 2011, inclusive (the "Class Period"), which artificially inflated the price of Finisar common stock. It is alleged that the corrective information released to the market on March 8, 2011 (after market close) impacted the market price of Finisar common stock in a statistically significant manner and removed the alleged artificial inflation from the prices of the common stock on March 9, 2011. Accordingly, in order to have a compensable loss, Finisar common stock must have been purchased or otherwise acquired during the Class Period and held through the alleged corrective disclosures.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

**Calculation of Recognized Loss**

For each share of Finisar publicly traded common stock purchased or acquired from December 2, 2010 through March 8, 2011, inclusive, and:

   a.  sold before March 9, 2011, the Recognized Loss per share is zero;
   b.  sold from March 9, 2011 though and including the close of trading on June 7, 2011, the Recognized Loss per share is the least of:
       i.   $10.84 per share; or
       ii.  the purchase price per share minus the sales price per share; or
       iii. the difference between the purchase price per share and the average closing price between March 9, 2011 and the date of the sale.[2]
   c.  held as of the close of trading on June 7, 2011, the Recognized Loss per share is the lesser of:
       i.  $10.84 per share; or
       ii. the difference between the purchase price per share and $24.12 per share.[3]

---

[2] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period [], the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[3] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the

If a Class Member held Finisar common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales of eligible Spectrum securities during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Finisar common stock sold during the Class Period will be matched, in chronological order, first against eligible securities held at the beginning of the Class Period. The remaining sales of eligible securities during the Class Period will then be matched, in chronological order, against eligible securities purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Finisar shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition, or sale of shares for the calculation of a Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to Authorized Claimants will be made after all claims have been processed and after the Court has approved the Claims Administrator's determinations. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least 90 days from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to nonsectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff and approved by the Court.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, their damages consultants, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead

---

difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." The mean (average) closing trading price of Finisar common stock during the 90-day period from March 13, 2011 through June 7, 2011 was $24.12.

Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its claim.

The Court may approve this Plan of Allocation ("Plan of Allocation" or "Plan"), or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at: www._____.com.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

In order to qualify for payment, subject to the Plan of Allocation, you must be an eligible Settlement Class Member and send in a valid Claim Form, and properly document your claim as requested in the Claim Form.  A Claim Form is enclosed with this Notice.  Read the instructions carefully, fill out the Claim Form, include the documents the form asks for, sign it, and mail (post-marked) no later than _____, 2020.

### 11. When would I get my payment?

The Court will hold a Settlement Hearing on _____, 2020, at _____ _.m., to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain when appeals will be resolved, and resolving them can take time, perhaps several years.  Everyone who sends in a Claim Form will be informed of the determination with respect to their claim.  Please be patient.

### 12. What am I giving up to get a payment or stay in the Class?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees (as defined below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees. This Release shall not apply to any Excluded Plaintiffs' Claims.

"Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint (and the prior complaints filed in this action), or (ii) could have asserted in any forum that concern, arise out of, relate to, involve, or are based upon any of the allegations, circumstances, events, transactions, facts, matters, representations, or omissions involved, set forth, or referred to in the Complaint (and prior complaints) and that relate to the purchase, acquisition, beneficial interest or ownership of Finisar stock during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

"Defendants' Releasees" means Defendants, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

"Unknown Claims" means any Released Plaintiffs' Claims which Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined below) on behalf of the respective Defendant in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees (as defined below), and

shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Plaintiffs or any of the other Plaintiffs' Releasees.

"Released Defendants' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

"Plaintiffs' Releasees" means Lead Plaintiff, all other Settlement Class Members, and their respective attorneys, together with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Settlement Class Member has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, attorneys, controlling shareholders, members, trusts, trustees, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family Members, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**

If you do not want a payment from this Settlement, but you want to keep the right to attempt to sue or continue to sue Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.  **Please note: if you decide to exclude yourself because you want to bring your own lawsuit to pursue claims alleged in the Action, you should consult with your own attorney to discuss whether your individual claim would be time-barred by the applicable statutes of limitations or repose.**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you "request exclusion from the Settlement Class in *In re Finisar Corporation Securities Litigation*, Case No. 5:11-CV-01252-EJD." You <u>must include</u> your name, address, telephone number, your signature, the number of shares of Finisar stock you owned as of the opening of trading on December 2, 2010, the number of shares of Finisar stock you purchased during the Class Period (*i.e.,* December 2, 2010 through March 8, 2011, inclusive), the dates of such purchases, the prices paid per share for each purchase, and any sales. You must mail your exclusion request postmarked no later than _____, **2020**, to the Claims Administrator at:

  Finisar Securities Litigation – EXCLUSIONS c/o Claims Admin
  Address
  City, State, Zip

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the Settlement.  If you ask to be excluded in the way set forth above, you will not be legally bound by anything that happens in this lawsuit.

## 14. If I don't exclude myself, can I sue Defendants for the same thing later?

No.  Unless you timely and validly exclude yourself, you give up any right to sue any Defendants or the Released Parties for the Released Claims in this Settlement.  Remember, the exclusion deadline is **_____, 2020**.

## 15. If I exclude myself, can I get money from this Settlement?

No.  If you exclude yourself, you will not receive any money from the Settlement, and you should not send in a Claim Form.

# THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court appointed the law firm of Abraham, Fruchter & Twersky, LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel or Class Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. How will the lawyers be paid?

Lead Counsel will ask the Court for an award of attorneys' fees not to exceed 25% of the Settlement funds, and reimbursement of up to $425,000 for incurred litigation expenses.  The request for litigation expenses may include a request for reimbursement of the costs and expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4), and award for representing the Settlement Class.  Such fees and expenses as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees and expenses.

The attorneys' fees awarded will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel has not been paid for their services in conducting this litigation on behalf of Lead Plaintiff and the Settlement Class.  The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund.  The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

# OBJECTING TO THE SETTLEMENT

## 18. How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees and expenses. You can state the reasons why you think the Court should not approve it, and the Court will consider your views. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must file an objection, including any papers and briefs, with the Clerk of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113 on or before _____, 2020. The objection must state the reasons you object to the Settlement in *In re Finisar Corporation Securities Litigation*, Case No. 5:11-CV-01252-EJD, and you must your name, address, telephone number, your signature, the number of shares of Finisar stock you owned as of the opening of trading on December 2, 2010, the number of shares of Finisar stock you purchased during the Class Period (i.e., December 2, 2010 through March 8, 2011, inclusive), the dates of such purchases, the prices paid per share for each purchase, and any sales (along with documentation establishing membership in the Settlement Class). Any objection must be also be mailed or delivered such that it is received by all of the following no later than _____, 2020:

| Lead Counsel | Claims Administrator | Defendants' Counsel |
|---|---|---|
| Takeo Kellar, Esq.<br>Ian Berg, Esq.<br>ABRAHAM, FRUCHTER<br>   & TWERSKY LLP<br>11622 El Camino Real, Ste. 100<br>San Diego, CA  92130 | | Shirli Fabbri Weiss, Esq.<br>David Priebe, Esq.<br>DLA PIPER LLP (US)<br>2000 University Avenue<br>East Palo Alto, CA 94303 |

## 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. To be clear, if you exclude yourself, you should not also file an objection to the settlement.

If you file an objection to the Settlement but fail to timely the enclosed Claim Form described in Question 10, you may be deemed to have release all of the Released Claims against Defendants as set forth in Question 14 above but will receive no proceeds under the Settlement.

# THE COURT'S SETTLEMENT HEARING

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement (the "Settlement Hearing"). You may attend and you may ask to speak, but you do not have to. The Court will hold a **hearing at ___.  m., on _____, 2020**, at United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, CA 95113.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider how much of a fee and expense award to grant Lead Counsel and whether the Plan of Allocation is fair, reasonable, and adequate. The Court may decide these issues at the hearing or take them under consideration for a later decision. We do not know how long these decisions will take.

Please note that the date of the Settlement Hearing may change without further formal notice. Therefore, Settlement Class Members who intend to appear at the hearing as discussed in Item 22 below should access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or check the settlement website, _____, to confirm that the date has not been changed.

## 21. Do I have to come to the hearing?

No. Lead Counsel will answer any questions Judge Edward J. Davila may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 22. May I speak at the hearing?

Only Settlement Class Members who have filed and delivered valid and timely written notices of objection and requested an opportunity to speak will be entitled to be heard at the hearing on _____, 2020. To do so, you must send a letter saying that it is your intention to appear at the Settlement Hearing in *In re Finisar Corporation Securities Litigation*, Case No. 5:11-CV-01252-EJD. Be sure to include your name, address, telephone number, your signature, the number of shares of Finisar stock you owned as of the opening of trading on December 2, 2010, the number of shares of Finisar stock you purchased during the Class Period (i.e., December 2, 2010 through March 8, 2011, inclusive), the dates of such purchases, the prices paid per share for each purchase, and any sales. If you intend to call any witnesses to testify or introduce any exhibits into evidence at the Settlement Hearing, you must also identify them in the letter. Your notice of intention to appear must be received no later than _____, 2020, the Clerk of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street,

Room 2112, San Jose, CA 95113, and the Parties' counsel at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# IF YOU DO NOTHING

## 23. What happens if I do nothing at all?

If you do nothing, you will be a Settlement Class Member.  But you will not receive any money from this Settlement unless you submit a Claim Form.  Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the Release Claims in this case.

# GETTING MORE INFORMATION

## 24. Are there more details about the settlement?

This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about matters involved in this Action, you may visit the website, _____, where you can access copies of the Stipulation, the Complaint, and any related orders entered by the Court. Alternatively, you may access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, 2nd floor, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Claims Administrator: | Lead Counsel: |
|---|---|
| Finisar Securities Litigation | Ian Berg, Esq. (iberg@aftlaw.com) |
| c/o Claims Admin | Takeo Kellar, Esq. (tkellar@aftlaw.com) |
| address | ABRAHAM FRUCHTER & TWERSKY LLP |
| city, state zip | 11622 El Camino Real, Suite 100 |
| Telephone: 1- | San Diego, CA 92130 |
| www._____.com | Telephone: (858) 764-2580 |
| _____@_____.com | |

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: _____

By Order of the Court
United States District Court
Northern District of California

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

The Court has ordered that if you hold or held any Finisar stock purchased or acquired between December 2, 2010 and March 8, 2011, inclusive, as nominee for a beneficial owner, then, **WITHIN SEVEN (7) CALENDAR DAYS** after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such persons to the Claims Administrator (send email to _____@_____.com or see Answer to Question 24 for additional contact information).

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator as many additional copies of these documents as you will need to complete the mailing. If you do not intend to comply with the provision of this section, you are requested to notify the Claims Administrator of that fact. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

EXHIBIT 2

**Exhibit A-2**

**Finisar Securities Litigation**
**c/o [CLAIMS ADMIN]**
**ADDRESS**
**City, State Zip**
**Toll-Free Number:**
**Email:**
**Website:**

## PROOF OF CLAIM AND RELEASE FORM
**Deadline for Submission:_____**

**GENERAL INSTRUCTIONS**

1.     IF YOU PURCHASED OR OTHERWISE ACQUIRED FINISAR CORPORATION ("FINISAR") COMMON STOCK (NASDAQ:FNSR) BETWEEN DECEMBER 2, 2010 AND MARCH 8, 2011, INCLUSIVE, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.

2.     To recover as a Settlement Class Member based on your claim against Defendants in the action entitled *In re Finisar Corporation Securities Litigation*, Case No. 5:11-CV-01252-EJD (the "Action"), pending in the United States District Court for the Northern District of California, you must complete, sign and return this Proof of Claim and Release Form ("Proof of Claim").  If you fail to file a proper a properly addressed (as set forth in paragraph 4 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.  All capitalized terms herein have the same definitions as in the Stipulation and Agreement of Settlement filed with the Court on _____ (the "Stipulation"), a copy of which is available on the Claims Administrator's website available at www._____com.

3.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement.

4.     YOU MUST MAIL YOUR COMPLETED AND UNDERLINE SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2020, ADDRESSED AS FOLLOWS:

> Finisar Securities Litigation Settlement
> c/o CLAIMS ADMIN
> Address
> City, State Zip

5.     If you are NOT a Settlement Class Member, DO NOT submit a Proof of Claim.

6.     If you are a Settlement Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

**CLAIMANT IDENTIFICATION**

1.     If you purchased Finisar Corporation (FNSR) common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

**Exhibit A-2**

2.      Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee") if different from the beneficial owner of Finisar Corporation (FNSR) common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S) OF THE FINISAR CORPORATION (FNSR) COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint owners (or a Person authorized to act on the owner's behalf) must sign this claim.  Executors, administrators, guardians, conservators or trustees must complete and sign this claim on behalf of Persons represented by them and evidence of their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### CLAIM FORM

1.      Use Part II of this form below entitled "Schedule of Transactions in Finisar Common Stock" to supply all required details of your transaction(s) in Finisar common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases/acquisitions and sales of Finisar common stock, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each requested transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.  If you require additional space, attach extra schedules in the same format. Sign and print your name on each additional page.

4.      Broker confirmations or other documentation of your transactions in Finisar common stock should be attached to your claim.  **Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.**

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate the amount of your claim.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information that it may, in its discretion, require to process the claim.

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at _____ or visit their website at www._____.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**Exhibit A-2**

## PART I:    CLAIMANT IDENTIFICATION
(Please Print or Type)

_____
Beneficial Owner Name (*First, Middle, Last*)

_____
Co-Beneficial Owner Name (*First, Middle, Last*)

_____
Entity Name (*if Beneficial Owner is not an individual*)

_____
Representative or Custodian Name (*if different from Beneficial Owner(s) listed above*)

_____
Address 1 (street name and number)

_____
Address 2 (apartment, unit or box number)

_____
City                                State                Zip Code

_____
Foreign Province, Foreign Country

_____
Account #/Fund# (*not necessary for individual filers*)

_____
Last 4 Digits of Social Security Number (for individuals) <u>or</u> Taxpayer Identification Number (for estates, trusts, corporations, etc.)

_____
Primary Daytime Telephone Number (with Area Code)

_____
Alternative Telephone Number (with Area Code)

_____
Email Address

Claimant Account Type (check appropriate box):
☐ Individual (includes joint owner accounts)  ☐ Pension Plan  ☐ Trust  ☐ Corporation  ☐ Estate
☐ IRA/401K  ☐ Other _____ (please specify)

_____

Exhibit A-2

## PART II:      SCHEDULE OF TRANSACTIONS IN FINISAR (FNSR) COMMON STOCK

A)   **BEGINNING HOLDINGS** – State the number of shares of Finisar common stock held at the beginning of trading on December 2, 2010 (Must be documented): _____

B)   **PURCHASES/ACQUISITIONS DURING CLASS PERIOD** – Separately list each and every purchase or acquisition of Finisar common stock from the opening of trading on December 2, 2010 through and including the close of trading on March 8, 2011 (Must be documented):

| Trade Date Month/Day/Year (List Chronologically) | Number of Shares Purchased | Purchase Price Per Share | Total Cost (excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

C)   **PURCHASES/ACQUISITIONS DURING "PSLRA 90-Day Lookback Period"** – State the total number of shares of Finisar common stock you purchased/acquired from March 9, 2011 through June 7, 2011[1] (Must be documented): _____

D)   **SALES** – Separately list each and every sale/disposition of Finisar common stock from after the opening of trading on December 2, 2011 through and including the close of trading on June 7, 2011 (Must be documented):

| Trade Date Month/Day/Year (List Chronologically) | Number of Shares Sold | Sales Price Per Share | Total Sales Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

E)   **ENDING HOLDINGS** – State the total number of shares of Finisar common stock held as of the close of trading on June 7, 2011 (end of PSLRA 90- Day Lookback Period): _____

**If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.**

---

[1] **Please note:** Information requested with respect to your purchases/acquisitions of Finisar common stock from March 9, 2011 through June 7, 2011 is needed in order for the Claims Administrator to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation set forth in the Notice.

**Exhibit A-2**

## PART III:    RELEASE OF CLAIMS AND SIGNATURE

YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 6 OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant has not submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the Finisar common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Finisar common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination; and

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action.

**Exhibit A-2**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                              Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following must be provided:*

_____

Signature of person signing on behalf of claimant                  Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.,* executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant).

**Exhibit A-2**

## SUBSTITUTE FORM W-9

**Request for Taxpayer Identification Number ("TIN") and Certification**
**PART I**

Name:_____

Check appropriate box:

☐Individual/Sole Proprietor    ☐Corporation    ☐Partnership   ☐Pension Plan

☐IRA    ☐Trust

☐Other (specify)_____

Enter TIN on appropriate line.  For individuals, this is your Social Security Number ("SSN").  For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN"). For other entities, it is your EIN.


_____

Social Security Number (for estates, trusts, corps, etc)

   OR


_____

Employer Identification Number

NOTE: If you require instructions for Completing Substitute Form W-9, please make a written request to the Claims Administrator at: _____ or visit the Claims Administrator's website at www._____.com.  Please note that your accountant should also be able to provide you with these instructions.

**Exhibit A-2**

## <u>REMINDER CHECKLIST:</u>

1.     Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.     Attach only copies of acceptable supporting documentation as these documents will not be returned to you.

3.     Do not highlight any portion of the Claim Form or any supporting documents.

4.     Keep copies of the completed Claim Form and documentation for your own records.

5.     If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

6.     If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address provided above, by email at _____@_____.com, or by toll-free phone at _____ or you may visit www._____.com.  DO NOT call Defendants or their counsel with questions regarding your claim.


THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2020**, ADDRESSED AS FOLLOWS:

Finisar Securities Litigation
c/o CLAIM ADMIN NAME
ADDRESS
City, State Zip

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2020 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

**You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.**

EXHIBIT 3

**Exhibit A-3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re FINISAR CORPORATION SECURITIES LITIGATION | Case No. 5:11-CV-01252-EJD |
| | <u>CLASS ACTION</u> |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who purchased or acquired the publicly traded common stock of Finisar Corporation ("Finisar") during the period from December 2, 2010 through March 8, 2011, inclusive (the "Class Period"), and who were allegedly damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, in accordance with Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned securities litigation (the "Action") has been certified as a class action for settlement purposes on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as stated in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action have reached a proposed settlement of the Action for $6,800,000 in cash (the "Settlement"), which, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2020 __:__ _.m., before the Honorable Edward J. Davila of the United States District Court for the Northern District of California, in Courtroom 4, 5th Floor, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated _____, 2020 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

1

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.**  If you have not yet received the Notice and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at: _____.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, at www._____.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **no later than _____, 2020**.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2020**, in accordance with the instructions in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be mailed to or filed with the Court such that it is *filed or postmarked* **no later than _____, 2020**, in accordance with the instructions in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or Defendants' counsel regarding this notice.  All questions about this notice, the proposed Settlement, your eligibility to participate in the Settlement, or the claims process, should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:
[INSERT CLAIM ADMINISTRATOR CONTACT INFORMATION].

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Ian D. Berg, Esq.
Takeo A. Kellar, Esq.
Abraham, Fruchter & Twersky, LLP
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (858) 764-2580
*iberg@aftlaw.com*
*tkellar@aftlaw.com*

By Order of the Court

2