UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re FINISAR CORPORATION SECURITIES LITIGATION | Case No. 5:11-CV-01252-EJD<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES<br><br>Hon. Edward J. Davila |

On February 11, 2021, a hearing having been held before this Court to determine, among other things, (1) whether and in what amount to award fees and reimbursement of Litigation Expenses to Lead Counsel Abraham, Fruchter &Twersky, LLP ("Lead Counsel") for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff" or "Oklahoma Firefighters") directly relating their representation of the Settlement Class; and (2) whether and in what amount to award Lead Plaintiff an incentive award pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated July 8, 2020 (Dkt. 199-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Lead Counsel, and the Claims Administrator.

3. Notice of Class Counsel's application for attorneys' fees and payment of Litigation Expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice

practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of $1,700,000 (which is 25% of the Settlement Fund), and payment of Litigation Expenses in the amount of $381,496.40, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and Litigation Expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $6.8 million in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

(b) Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(c) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(d) Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy; and

(e) The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method and Ninth Circuit precedent.

7. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4), the Court hereby awards $5,000 to Lead Plaintiff Oklahoma Firefighters directly related to its representation of the Settlement Class in this Action.

8. Any appeal or challenge affecting this Court's approval of any attorneys' fee and expense application by Lead Counsel, or incentive award to Lead Plaintiff, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED:   February 16, 2021

Honorable Edward J. Davila
United States District Judge